POSTAL TELEGRAPH CABLE CO. v. CITY COUNCIL OF AUGUSTA.

(District Court, S. D. Georgia, N. E. D. May 14, 1917.)

TELEGRAPHS AND TELEPHONES ☞10(12)—RIGHTS IN UNDERGROUND CONDUITS.

Under a city ordinance requiring all telephone and telegraph wires, on or over the streets of the city, or thereafter installed, to be placed underground in conduits of sufficient number to accommodate existing wires and the natural increase for a reasonable time in the future, and providing that all excavations, constructions, etc., should be under the ordinances of the city, and under the supervision and control of the commissioner of public works, where a telegraph company did not utilize all of the space in its conduits with its wires, the city could not appropriate such space for its wires, and then deny the telegraph company the right to use it for wires subsequently installed, though no express authority had been granted to the company to lay the conduit on the particular street.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6.]

In Equity. Suit by the Postal Telegraph Cable Company against the City Council of Augusta. Decree for plaintiff.

C. E. Dunbar and Dunbar & Elliott, all of Augusta, Ga., for plaintiff.
I. S. Peebles, Jr., City Atty., of Augusta, Ga., for defendant.

SPEER, District Judge (orally). The ordinance upon which the complainant relies is as follows:

"Sec. 195. Within ten years from November 4, 1901, all telephone, telegraph, and electric light wires of all kinds, now on or over, or hereafter placed on or over, the streets of the city of Augusta, within the fire limits, except trolley and feed wires of electrical car lines, shall be placed and kept underground, as hereinafter required. Such of said wires as are required placed underground as may be installed within said ten years shall be so placed within said period; such as may be installed after the expiration of said period shall be so placed upon installation.

"Sec. 196. The wires required placed underground in the preceding section shall be placed in terra cotta conduits (or conduits of other first-class or standard material, laid in such manner, and with the joints, so constructed, as to be first-class in every particular). The manholes shall be safely covered, and while open shall be guarded by a substantial iron railing, and, if at night, by lights also. Such conduits shall be laid in sufficient number, not only to accommodate the existing wires, but the natural increase for a reasonable time in the future. All excavations, constructions, repairs, and renewals shall be done under the existing or future ordinances of the city of Augusta, and under the supervision and control of the commissioner of public works of Augusta."

Now, within the ten years the complainant obtained authority from the proper representative, from the commissioner of public works in Augusta and constructed this conduit. It utilized in part some of its wires, but did not utilize it in toto. The city authorities, finding there

.vas space there for occupancy by its own wires, appropriated it for that purpose, and then, it seems to the court, quite arbitrarily forbade the Postal Company to exercise the power which had been granted by the ordinance of 1901. That ordinance obviously looks, not only to the wires that were then to be laid by these various telegraph and telephone companies, but to those which might be needed, because of the increase of their business.

It is said that there was no express authority to lay the conduit on this particular street. That may be true, but the ordinance is general, and in its operation obliges the telegraph and telephone companies to lay such wires as may be neccessary for their business underground. To this end this particular conduit was constructed. If the city had any objection to it, it ought to have expressed it at the time the company was laying it. That it did not have such objection is obvious from the fact that no expression of objection was made.

It is said that there was no express grant for that particular street, but the grant was made by the original ordinance for all the streets. That is what was implied, and, as I understand, is what was expressed. The instrument not only implies, but requires, all wires to be placed underground. It grants the authority to use its discretion to lay these wires in such manner as may be prescribed by the city authorities. I therefore think it is very clear that the city had no right to take this conduit, and use it for its own purpose, and exclude the Postal Company from any use of it whatever. It is said that the use by the Postal Company would interfere with the wires of the city, but the weight of the evidence is that this is not the fact; but, if true, the city would not have authority to appropriate the conduit of the Postal Company, and then, because of its own wrong prevent the use by the Postal Company, for the reason that the Postal Company would interfere with the wires already placed there by the city. I think, however, gentlemen, that this is a case for settlement. I think you can very well arrange this matter, and consent to the Postal Company putting its wires in.

The court directs that an order be taken authorizing such agreement, if that be possible, and, if not, that the city be enjoined from any interference with the officers of the Postal Company in placing its wires in its own conduit, or with the wires when so placed.